72 U.S. 541 (____)
5 Wall. 541
INSURANCE COMPANY
v.
RITCHIE.
Supreme Court of United States.

Coming here, the case was elaborately argued by Mr. Stanbery, A.G., and Mr. Ashton, Assistant A.G., for the assessor and collector, and by Messrs. S. Bartlett and F.W. Palfrey (by brief) for the Insurance Company.
*542 The CHIEF JUSTICE delivered the opinion of the court.
We meet upon the threshold of this cause a question of jurisdiction.
The record discloses a suit in equity by the Merchants' Insurance Company, a corporation under the laws of Massachusetts, having its place of business in the city of Boston, against James Ritchie and E.L. Pierce, assessor and collector of internal revenue in the third collection district of that commonwealth. The corporation constructively,[*] and Ritchie and Pierce actually, are citizens of Massachusetts, And the question is, Whether this suit, as a revenue case, can be maintained by a citizen of Massachusetts against citizens of the same State?
The Judiciary Act of 1789 limited the jurisdiction of National courts, so far as determined by citizenship, to "suits between a citizen of the State in which the suit is brought and a citizen of another State." And, except in relation to revenue cases, this limitation has remained unchanged.
In 1833 an attempted nullification of the laws for the collection of duties on imports led to the enactment of a law, one of the provisions of which conferred on the Circuit Courts jurisdiction of "all cases in law or equity arising under the revenue laws of the United States for which other provisions had not been already made."[]
Until the passage of this act no original action by a citizen of any State against a citizen of the same State could be maintained in a National court, at law, or in equity, for injuries arising from the illegal exaction of duties by collectors of revenue. Redress of such injuries could be obtained only in the State courts, and the revisory jurisdiction of this court could be invoked only under the twenty-fifth section of the Judiciary Act.
The act of 1833 made the right of action to depend not altogether, as previously, upon the character of the parties *543 as citizens or aliens, but also on the nature of the controversy, without regard to citizenship or alienage. Under that act citizens of the same State might sue each other for causes arising under the revenue laws. A citizen injured by the proceedings of a collector might have an action against him for the injury, though a citizen of the same State with himself.
And the third section of the same act gave the right to collectors or others who might be sued in any State court, on account of any act done under the revenue laws, to remove the action by a proper proceeding into a National court.
The right to remove causes from State into National courts had been long before given by the Judiciary Act, but it was limited to certain classes of cases, which did not include those arising under the laws for the collection of duties.
After the act of 1833 many suits, brought in the State courts against collectors, were removed into the Circuit Courts. The cases of Elliott v. Swartwout[*] and Bend v. Hoyt,[] were of this description. They were suits originally instituted in the Superior Court of New York, but removed to the Circuit Court of the United States for the Southern District, to recover from collectors of the port of New York duties alleged to have been illegally exacted.
Under that act suits in equity in proper cases, as well as actions at law, might have been maintained against collectors of customs by citizens of the same State; and upon the enactment, under the exigencies created by civil war, of the existing internal revenue laws, it became a question whether the general provisions of that act, giving jurisdiction of cases under the revenue laws, extended to cases under the new enactments.
This question was resolved by the internal revenue act of 1864, in the fiftieth section of which it was provided that the provisions of the act of 1833 should extend to all cases arising under the laws for the collection of internal duties.[]
*544 It was while this section of the act of 1864 was in force that the suit in the present record was brought. Had it been suffered to remain in force the question of jurisdiction now under consideration could not have arisen.
But it was repealed by the act of 1866,[*] without any saving of such causes as that before us. And not only was there no such saving, but it was expressly provided that "the act of 1833 shall not be so construed as to apply to cases" arising under the act of 1864, or any amendatory acts, "nor to any case in which the validity or interpretation of such act or acts shall be in issue."
The case before us is a case under the act of 1864. It is a case of which, because of the fact that the appellants and appellees are citizens of the same State, we have no jurisdiction except under the act of 1833. And the act of 1866 declares that the act of 1833 shall not be construed so as to apply to such a case.
This is equivalent to a repeal of an act giving jurisdiction of a pending suit. It is an express prohibition of the exercise of the jurisdiction conferred by the act of 1833 in cases arising under the internal revenue laws.
It is clear, that when the jurisdiction of a cause depends upon a statute the repeal of the statute takes away the jurisdiction.[] And it is equally clear, that where a jurisdiction, conferred by statute, is prohibited by a subsequent statute, the prohibition is, so far, a repeal of the statute conferring the jurisdiction.
It is quite possible that this effect of the act of 1866 was not contemplated by Congress. The jurisdiction given by the act of 1833 in cases arising under the customs revenue laws is not taken away or affected by it. In these cases suits may still be maintained against collectors by citizens of the same State. It is certainly difficult to perceive a reason for discrimination between such suits and suits under the internal *545 revenue laws; but when terms are unambiguous we may not speculate on probabilities of intention.
The rules of interpretation settled and established in the construction of statutes deny to us jurisdiction of the controversy in the record, because it is a suit between citizens of the same State, and the jurisdiction of such suits in internal revenue cases, conferred by the acts of 1833 and 1864, is taken away by the act of 1866.
The appeal in this cause must therefore be
DISMISSED FOR WANT OF JURISDICTION.
NOTES
[*] Louisville Railroad Company v. Letson, 2 Howard, 554; Marshall v. Baltimore & Ohio Railroad Co., 16 Id. 314.
[] 4 Stat. at Large, 632.
[*] 10 Peters. 137.
[] 13 Id. 267.
[] 13 Stat. at Large, 241.
[*] 14 Stat. at Large, 172.
[] Rex v. Justices of London, 3 Burrow, 1456; Norris v. Crocker, 18 Howard, 429.