## SHERMAN v. GRINNELL.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Submitted November 21, 1887. — Decided December 12, 1837.

If the order to remand a case to a state court was made while the act of March 3, 1875, 18 Stat. 470, was in force, but the writ of error to review it was not brought until after the act of March 3, 1887, 24 Stat. 552, went into effect, this court cannot take jurisdiction on the writ.

THE case is stated in the opinion of the court.

*Mr. Roger M. Sherman* in person for plaintiff in error.

*Mr. Treadwell Cleveland* and *Mr. W. M. Evarts*, *Mr. J. H. Choate* and *Mr. C. C. Beaman* for defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error brought for the review of an order of a Circuit Court, remanding a suit which had been removed from a state court. The suit was begun October 28, 1885; removed October 30, 1885, the state court making an order to that effect on that day; and remanded by the Circuit Court, May 4, 1886. All this was before the act of March 3, 1887, c. 373, 24 Stat. 552, went into effect. The writ of error from this court was not sued out, however, until April 8, 1887, which was after that statute.

The first question which presents itself is, whether we have jurisdiction of the writ. We have already decided, at the present term, in *Morey* v. *Lockhart, ante,* 56, that this court cannot review, on appeal or writ of error, the order of a Circuit Court, remanding a suit which had been removed under the act of 1887 and which was begun, removed, and remanded after that act went into effect. Later in the term we decided, *Wilkinson* v. *Nebraska, ante,* 286, that we had no jurisdiction when the suit was begun and removed before the act of 1887,

but not remanded until afterwards. In the last case we said "that this statute showed "unmistakably an intention on the part of Congress to take away all appeals and writs of error to this court from orders thereafter made by Circuit Courts remanding suits which had been removed from a state court, and this whether the suit was begun and the removal had before or after the act of 1887." That was as far as it was necessary to go in any suit that had come before us down to that time. Here, however, the question reaches one step further, and requires us to determine whether we can take jurisdiction on appeal or writ of error if the order to remand was made whilst the act of March 3, 1875, c. 137, 18 Stat. 470, was in force, but the writ of error was not brought until after that of March 3, 1887, went into effect, and we are of opinion that we cannot. This is the logical result of what has already been decided. Until the act of 1875 there was no such jurisdiction. *Railroad Co. v. Wiswall*, 23 Wall. 507. The provision of that act giving the jurisdiction was repealed by the act of 1887 without any reservation as to pending cases, the proviso in the repealing section having reference " only to the jurisdiction of the Circuit Court and the disposition of the suit on its merits." *Wilkinson* v. *Nebraska, ubi supra.* As a consequence of this the repeal operated to take away jurisdiction in cases where the order to remand had been made, but no appeal or writ of error taken, because "if a law conferring jurisdiction is repealed without a reservation as to pending cases, all such cases fall with the law." *Railroad Co.* v. *Grant*, 98 U. S. 398, 401, and cases there cited.

It follows that we have no jurisdiction of this writ of error, and it is accordingly

*Dismissed.*