BIRDSEYE *v.* SHAEFFER *et al.*

*(Circuit Court, W. D. Texas. December 20, 1888.)*

1. REMOVAL OF CAUSES—ACT OF 1887—PENDING CAUSES—CONSTITUTIONAL LAW.
   Since the inferior federal courts owe their existence and powers entirely to congress, that body has full powers over them. The provision of the act of March 3, 1887, therefore, that the circuit court shall remand a cause removed on the ground of local influence and prejudice when on application it has examined the affidavit and its grounds, and not become satisfied that the removing party will not be able to obtain justice in the state court, is not, as regards pending causes, unconstitutional.

2. SAME.
   An order setting aside another order remanding a cause to the state court, from which it had been removed on the ground of local prejudice, is not a final order, and the cause remains pending. Hence the provision of the act of March 3, 1887, for an inquiry into the question of local prejudice, applied to a cause at such a stage when the act was passed.

3. SAME.
   An order remanding the cause after such an inquiry does not deprive the removing party of his property without due process of law, because after the order retaining the cause he had spent money in preparing for trial.

4. SAME.
   The removing party is not left remediless by a remand, since the removing order did not absolutely take away the state court's jurisdiction, but merely held it in abeyance while the cause was in the circuit court, and the state court is now bound to resume it.

5. SAME.
   It is no objection to the remand that the evidence taken will not be admissible in the state court. That is a matter for the state legislature.

At Law. Motion to set aside an order remanding the cause to the state court.

Action by Lucien Birdseye against F. W. Shaeffer and others, to recover certain land.

*Hancock, Shelby & Hancock* and *Bethel Coopwood,* for plaintiff.

*John A. Green, N. O. Green, McCampbell & Welch,* and *Stayton & Kleberg,* for defendants.

MAXEY, J. This is a motion made by the plaintiff, in which he seeks to set aside an order, granted at a former day of the present term, remanding the cause to the state court. The suit was originally instituted by the plaintiff, a citizen of the state of New York, in the district court of Nueces county, against Shaeffer *et al.,* citizens of Texas, to recover a large and valuable tract of land situated in Nueces county.

Under the local prejudice clause of the act of 1867, (Rev. St. § 639, subd. 3,) plaintiff filed in the state court a petition, bond, and affidavit in the statutory form to remove the cause into this court. September 2, 1885, the district judge entered an order authorizing the removal of the suit in the following form: "It is ordered that the security offered by the plaintiff be accepted, and said bond approved, and that this court proceed no further in this cause, and that this cause be removed into the United States circuit court in and for the Western district of Texas, at

San Antonio." In obedience to the order of removal, the transcript was filed in this court on the 2d day of November, 1885. November 3, 1885, the defendants filed a motion to remand the suit to the state court, and the motion was granted; but no inquiry into the truth of the affidavit made by the plaintiff for removal of the suit was sought in that motion, and no such inquiry at that time was entered upon by the court. On the 5th day of November, 1885, the remanding order was set aside, and the cause retained in the circuit court for trial. On October 14, 1887, the defendants, in accordance with the provisions of the act of March 3, 1887, presented to the court an application, under oath, in which they deny the existence of prejudice against the plaintiff in Nueces county, and pray that the truth of plaintiff's affidavit for removal, and the grounds thereof, be inquired into, and for an order remanding the suit to the court of original jurisdiction. Upon the issue thus raised each party took the testimony of a number of witnesses by deposition, and others were personally present, and the question was finally submitted at this term for determination. After hearing the proofs and the arguments of counsel, the court was not satisfied that the plaintiff would not be able to obtain justice in the district court of Nueces county, and an order was accordingly made remanding the suit to that court. The present motion seeks to set aside the last-mentioned order on the ground that so much of the act of March 3, 1887, as authorizes causes then pending in the circuit courts, and properly removed thereto under the provisions of a prior act, to be remanded to the state courts, is in contravention of the constitution. The particular clause of the act complained of by the plaintiff reads as follows:

"At any time before the trial of any suit which is now pending in any circuit court, or may hereafter be entered therein, and which has been removed to said court from a state court on the affidavit of any party plaintiff that he had reason to believe, and did believe, that from prejudice or local influence he was unable to obtain justice in said state court, the circuit court shall, on the application of the other party, examine into the truth of said affidavit, and the grounds thereof; and, unless it shall appear to the satisfaction of said court that said party will not be able to obtain justice in such state court, it shall cause the same to be remanded thereto." Laws U. S. 1887–88, p. 435.

The law, in its terms, applies to removed suits pending in the circuit court, and which have not been determined. "At any time," says the statute, "before the trial of any suit pending," an examination shall be made into the truth of the affidavit for removal, and the grounds thereof. It cannot be said, therefore, that congress intended by the act to deprive a person of the fruits of a judgment which had been previously recovered. The order of November 5, 1885, retaining the cause in this court, cannot be so regarded, for the reason that it is in its nature interlocutory, a proceeding *in fieri*, and subject to revision and correction by the court, if deemed erroneous, until the cause had passed beyond its jurisdiction to an appellate tribunal after the entry of final judgment. This rule of practice would obtain without the aid, and in the absence, of the act of 1887.

Speaking upon this point, it is said, in the case of *Ayres* v. *Wiswall*, 112 U. S. 190, 5 Sup. Ct. Rep. 90, that—

"The fifth section of the act of March 3, 1875, makes it the duty of the circuit court of the United States to remand a cause which has been removed from a state court when it shall appear to the satisfaction of the court, at any time after the suit has been removed, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court. For this purpose the circuit court retained its power over the suit and the parties until the end of the term at which the final decree was rendered. The parties were not, in law, discharged from their attendance in the cause until the close of the term, and the decree, though entered, was ' in the breast of the court ' until the final adjournment."

Prior to the passage of the act of March 3, 1887, therefore, no final judgment had been entered in the cause, and the suit stood as other suits upon the docket awaiting disposition according to law and the rules of practice of the court. And no reason is perceived why the former order of the court may not have been reconsidered, if erroneous in point of law, and an order made remanding the cause pursuant to the provisions of previous statutes, subject, however, to the plaintiff's right under those statutes to have it reviewed by the supreme court. *Railroad Co.* v. *Koontz*, 104 U. S. 15, 16. That being the *status* of the suit on March 3, 1887, congress on that day passed the act authorizing, in one of its clauses, an inquiry to be made into the truth of the affidavit made by the plaintiff for removal, leaving it discretionary with the courts to remand or retain the cause as the ends of justice, upon the case shown by the testimony, should demand. See act *supra*.

Was the objectionable clause of the statute enacted by congress in pursuance of a power conferred by the constitution? The question here is simply one of constitutional power. The policy of the law, right or wrong, wise or unwise, is a matter remitted entirely to the wisdom and discretion of the law-making power. Nor can the courts inquire into the motives of the legislature; they can only examine into its power under the constitution. *Ex parte McCardle*, 7 Wall. 514. And while the courts may declare an act of congress to be repugnant to the constitution, "the duty is one of great delicacy, and only to be performed where the repugnancy is clear, and the conflict irreconcilable. Every doubt is to be resolved in favor of the constitutionality of the law." *Mayor* v. *Cooper*, 6 Wall. 251. Bearing in mind these cardinal principles which guide the courts in construing statutes, let us examine into the power of congress to enact the law under consideration. To arrive at a correct understanding of the question it will be necessary to look to the powers of the circuit courts, and the sources whence they derive their jurisdiction. "The judicial power," by the constitution, "shall be vested in one supreme court, and in such inferior courts as the congress may from time to time ordain and establish." Const. U. S. art. 3, § 1. The inferior courts, therefore, while authorized by the constitution, owe their powers and jurisdiction immediately to congress, and can have no powers not conferred by congress. Upon this point it is said by the supreme court in *Cary* v. *Curtis:*

"That the judicial power of the United States, although it has its origin in the constitution, is (except in enumerated instances, applicable exclusively to this court) dependent for its distribution and organization, and for the modes of its exercise, entirely upon the action of congress, who possess the sole power of creating the tribunals (inferior to the supreme court) for the exercise of judicial power, and of investing them with jurisdiction, either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to congress may seem proper for the public good. To deny this position would be to elevate the judicial over the legislative branch of the government, and to give to the former powers limited by its own discretion merely. It follows, then, that the courts created by statute must look to the statute as the warrant for their authority. Certainly they cannot go beyond the statute, and assert an authority with which they may not be invested by it, or which may be clearly denied to them. This argument is in no wise impaired by admitting that the judicial power shall extend to all cases arising under the constitution and laws of the United States. Perfectly consistent with such an admission is the truth that the organization of the judicial power, the definition and distribution of the subjects of jurisdiction in the federal tribunals, and the modes of their action and authority, have been, and of right must be, the work of the legislature. * * * The courts of the United States are all limited in their nature and constitution, and have not the powers inherent in courts existing by prescription or by the common law." 3 How. 245, 246.

The court uses this language in *Sheldon* v. *Sill:*

"The third article of the constitution declares that 'the judicial power of the United States shall be vested in one supreme court, and such inferior courts as the congress may, from time to time, ordain and establish.' The second section of the same article enumerates the cases and controversies of which the judicial power shall have cognizance, and, among others, it specifies 'controversies between citizens of different states.' * * * And it would seem to follow, also, that, having a right to prescribe, congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies. Courts created by statute can have no jurisdiction but such as the statute confers. No one of them can assert a just claim to jurisdiction exclusively conferred on another, or withheld from all. The constitution has defined the limits of the judicial power of the United States, but has not prescribed how much of it shall be exercised by the circuit court. Consequently, the statute, which does prescribe the limits of their jurisdiction, cannot be in conflict with the constitution, unless it confers powers not enumerated therein." 8 How. 448, 449.

Discussing the constitutionality of the act of 3d March, 1863, and the act amendatory thereof, passed May 11, 1866, authorizing the removal of certain cases, the supreme court say:

"How jurisdiction shall be acquired by the inferior courts, whether it shall be original or appellate, or original in part and appellate in part, and the manner of procedure in its exercise after it has been acquired, are not prescribed. The constitution is silent upon those subjects. They are remitted without check or limitation to the wisdom of the legislature." *Mayor* v. *Cooper*, 6 Wall. 251, 252; *Assessor* v. *Osbornes*, 9 Wall. 575; *Insurance Co.* v. *Dunn*, 19 Wall. 226, 227.

The authorities cited—and numerous others might be added—conclusively demonstrate that the jurisdiction of the circuit court, the mode of its exercise, the practice and procedure of those courts, are all matters

remitted to the discretion of congress, which may regulate the same according to its own pleasure. And as a result of these principles it has been held that, when the jurisdiction of a cause depends upon a statute, the repeal of the statute takes away the jurisdiction. "And it is equally clear," says the supreme court, "that, where a jurisdiction, conferred by statute, is prohibited by a subsequent statute, the prohibition is, so far, a repeal of the statute conferring the jurisdiction." *Insurance Co.* v. *Ritchie*, 5 Wall. 544. Upon examining the *Ritchie Case*, it will be seen that the suit, pending when the repealing act of congress was passed, fell with the repeal of the statute authorizing its institution. And the same principle is announced in *Assessor* v. *Osbornes*, 9 Wall. At page 575 the court say:

"Jurisdiction in such cases was conferred by an act of congress, and, when that act of congress was repealed, the power to exercise such jurisdiction was withdrawn, and inasmuch as the repealing act contained no saving clause, all pending actions fell, as the jurisdiction depended entirely upon the act of congress."

To the same effect are the following authorities: *U. S.* v. *Boisdore's Heirs*, 8 How. 120, 121; *Norris* v. *Crocker*, 13 How. 440; *Ex parte McCardle*, 7 Wall. 514; *Morey* v. *Lockhart*, 123 U. S. 56 *et seq.*, 8 Sup. Ct. Rep. 65; *Wilkinson* v. *Nebraska*, 123 U. S. 286 *et seq.*, 8 Sup. Ct. Rep. 120; *Sherman* v. *Grinnell*, 123 U. S. 680, 8 Sup. Ct. Rep. 260. In the case of *Boisdore's Heirs*, *supra*, the court express the rule in these words:

"It is true that this court can exercise no appellate power over this case unless it is conferred upon it by act of congress. And if the laws which gave it jurisdiction in such cases have expired, so far as regards claims in the state of Mississippi, its jurisdiction over them has ceased, although this appeal was actually pending in this court when they expired."

Mr. Chief Justice WAITE, speaking for the court, in *Railroad Co.* v. *Grant*, says:

"It is equally well settled that if a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law." 98 U. S. 401.

The case of *Sherman* v. *Grinnell*, *supra*, arose under the removal act of March 3, 1887, and the question was presented whether the supreme court could take jurisdiction on appeal or writ of error if the order to remand was made while the act of March 3, 1875, was in force, but the writ of error not brought until after the act of March 3, 1887, went into effect. The court was of unanimous opinion that jurisdiction did not attach; and it is said:

"This is the logical result of what has already been decided. Until the act of 1875 there was no such jurisdiction. *Railroad Co.* v. *Wiswall*, 23 Wall. 507. The provision of that act giving the jurisdiction was repealed by the act of 1887 without any reservation as to pending cases, the proviso in the repealing section having reference 'only to the jurisdiction of the circuit court and the disposition of the suit on its merits.' As a consequence of this the repeal operated to take away jurisdiction in cases where the order to remand had been made, but no appeal or writ of error taken, because 'if a law conferring jurisdiction is repealed without a reservation as to pending cases, all such cases fall with the law.' It follows that we have no jurisdiction of this writ of error, and it is accordingly dismissed."

Upon the same subject, says Mr. Cooley:

"If a statute providing a remedy is repealed while the proceedings are pending, such proceedings will be thereby determined, unless the legislature shall otherwise provide; and if it be amended, instead of repealed, the judgment pronounced in such proceedings must be according to the law as it then stands." Cooley, Const. Lim. (4th Ed.) 449.

The above cases seem to furnish a conclusive answer to the position assumed by counsel for the plaintiff in this suit.

They insist a considerable sum of money was expended by their client in the preparation of this cause for trial after the order of court of November 5, 1885, was entered, returning the cause here, and that the act of 1887, which authorizes it to be remanded, deprives him of his property without due process of law. It may be proper to remark in this connection that, as disclosed by the record, all the interrogatories filed by the plaintiff in this suit, and the commissions to take the testimony of witnesses, were filed subsequent to the passage of the act of March 3, 1887. The expense incident thereto was therefore incurred with full knowledge of every provision of that act, including the clause which authorizes the remanding of pending causes to the state courts. In the cases above cited costs had necessarily accumulated with the litigation, of which, by the ruling of the court, litigants were deprived; but it was not intimated by the court that the existence of that fact constituted a valid objection to the constitutionality of the law. Costs are inevitable in the prosecution of judicial proceedings. They follow the litigation "as interest follows principal, or as shadow the substance." And if congress has power to confer jurisdiction upon, and withhold it from, the circuit courts at discretion, and to regulate the manner of its exercise and the practice and procedure of those courts, it cannot be truly said that costs incurred in the circuit court upon removal of a cause are divested "without due process of law" when the same is remanded to the state court pursuant to the legislation of congress; that is to say, legislation enacted in obedience to the authorization of the constitution. That the enactment of the clause of the act of March 3, 1887, assailed by the plaintiff in this suit, was a valid exercise of constitutitional power on the part of congress, admits, in my judgment, of no question.

It is further objected by the plaintiff's counsel that a remanding of the cause will leave him remediless, inasmuch as the state court, upon removal of the suit, was absolutely divested of jurisdiction, which cannot be restored. The decision of the supreme court, to which reference has already been made, would seem to dispose of that objection. But is it true that no remedy remains? To properly appreciate the position assumed by counsel, the proposition submitted by them in argument will be stated in their own words. "By the removal," they assert, "the jurisdiction of the state court was completely divested, obliterated, lost, and as if the suit had never been commenced in that court;" and, in support thereof, reference is made to the following cases: *Gordon* v. *Longest*, 16 Pet. 97 *et seq.*; *Kanouse* v. *Martin*, 15 How. 208, 209; *Insurance Co.* v. *Dunn*, 19 Wall. 223, 224; *Virginia* v. *Rives*, 100 U. S. 317; *Railroad Co.*

v. *Mississippi*, 102 U. S. 135; *Kern* v. *Huidekoper*, 103 U. S. 493; *Railroad Co.* v. *Koontz*, 104 U. S. 5 *et seq.; Railroad Co.* v. *White*, 111 U. S. 131, 4 Sup. Ct. Rep. 353; *Davis* v. *South Carolina*, 107 U. S. 597, 2 Sup. Ct. Rep. 636; *Steam-Ship Co.* v. *Tugman*, 106 U. S. 122, 1 Sup. Ct. Rep. 58. If the proposition of counsel be construed to mean that upon the removal of a cause the jurisdiction of the state court is so utterly divested, obliterated, and destroyed that it cannot be restored by a proper order of the court to which the cause was removed, it certainly can find no support in the authorities relied upon by them. Those cases, and many others which have been examined, simply decide that after a cause has been removed from a state to a federal court, the former is without jurisdiction to proceed further while the cause is pending in the latter, and if, notwithstanding the removal, the state court persist in the effort to exercise jurisdiction, its proceedings are null and void. Quite different is the case when the federal court voluntarily relinquishes its jurisdiction in favor of the state courts. In each of the cases cited the state court refused to let go its jurisdiction, and proceeded as if the cause had not been removed; thus ignoring the law of congress, and the right of the non-resident citizen to remove his suit in compliance therewith. That the orders made by the state court in a cause, under such circumstances, are void, will not be questioned at this late day in view of the uniform decisions rendered by the judicial tribunals of both the federal and state governments. See, also, *Dietzsch* v. *Huidekoper*, 103 U. S. 495 *et seq.; Durham* v. *Southern Co.*, 46 Tex. 186–188. But it surely does not follow that the state courts may not reacquire their lost or suspended jurisdiction when the cause is remanded by a proper order of the federal court. It would seem unnecessary to refer to authorities in support of a proposition so self-evident. It is the common practice of the federal courts to remand causes to the state tribunals, and for the latter to proceed to a final determination of the controversy without let or hindrance. A brief reference will be made, however, to a few of the cases which illustrate the principle, and indicate the proper practice of the courts in remanding causes. Thus it is said by the court in *Railroad Co.* v. *Koontz:*

"When the suit is docketed in the circuit court, the adverse party may move to remand. If his motion is decided against him, he may save his point on the record, and after final judgment bring the case here for review, if the amount involved is sufficient for our jurisdiction. If in such a case we think his motion should have been granted, we reverse the judgment of the circuit court, and direct that the suit be sent back to the state court to be proceeded with there as if no removal had been had. If the motion to remand is decided by the circuit court against the petitioning party, he can at once bring the case here by writ of error or appeal for a review of that decision without regard to the amount in controversy." 104 U. S. 15, 16.

We have already seen that the petitioning party is precluded by the act of 1887 from asserting the right of appeal or writ of error from an order remanding the case. *Sherman* v. *Grinnell*, *supra*. In *Ayers* v. *Chicago*, 101 U. S. 184, and *Hoadley* v. *San Francisco*, 94 U. S. 4, the court affirmed the order of the circuit court remanding the causes. In *Steam-Ship Co.* v. *Tugman*, 106 U. S. 122, 1 Sup. Ct. Rep. 58, the court say

that every order made by the state court in the cause after its removal is *coram non judice* unless its jurisdiction be actually restored. See, also, *Insurance Co.* v. *Dunn*, 19 Wall. 223. The decisions of the supreme court of this state are in perfect harmony with the doctrine asserted by the supreme court of the United States, as reference thereto will clearly make manifest. *Kleiber* v. *McManus* is a case where this court remanded the suit, which had been removed to it from the district court of Cameron county. The state court, after the case was remanded, refused to proceed with the trial, "on the ground that the court had, by the order of removal theretofore made, lost, and never reacquired, jurisdiction of the cause." The supreme court, however, compelled the judge of the district court, by the writ of *mandamus*, to proceed with the trial. 66 Tex. 50. The suit of *Seeligson's Ex'r.* v. *Transportation Co.* was originally instituted in the district court of Harris county, and subsequently removed to the United States circuit court at Galveston. Upon motion of plaintiff in the latter court the suit was dismissed, and the order of dismissal affirmed by the supreme court of the United States. The mandate from the supreme court was thereafter filed in the circuit court, and also in the district court, of Harris county, and the latter court, on motion, dismissed the cause for want of jurisdiction. A motion to reinstate the case was duly entered and overruled by the court, from which ruling an appeal was taken to the supreme court. Upon the questions submitted to it, the supreme court stated its conclusions as follows:

"The court holds (1) that, no cause for removal existing, jurisdiction of the cause remained in the district court, save as in fact suspended by the attempted removal; (2) that no formal order by the circuit court, relinquishing jurisdiction, after the dismissal, was necessary to enable the district court to resume its proceedings; (3) that the certified copy of the mandate from the supreme court to the United States circuit court was competent evidence of the refusal of the circuit court to take jurisdiction; and (4) upon being so informed of the action of the federal courts, it devolved upon the district court to proceed with the cause as with other cases on its docket." 7 S. W. Rep. 708, 709.

But the court need not seek in adjudged cases the rule which should guide it in determining the course to be pursued in this case. The statute is unambiguous, leaving no room for doubt, and no latitude for construction. It provides that, "unless it shall appear to the satisfaction of said" (circuit) "court that said party will not be able to obtain justice in such state court, it shall cause the same to be remanded thereto." The conclusions appears to be irresistible to my mind that the plaintiff is not without a remedy, but he may proceed without difficulty in the forum first invoked by him to determine, by due course of law, all questions involved in his suit. The statute does not profess, as claimed by plaintiff, to confer original jurisdiction upon the state courts. It has reference only to causes removed, and the effect of the order remanding them is simply the restoration of a jurisdiction previously acquired by the state court, but held in abeyance during the pendency of the cause in this court, rather than, as contended by the plaintiff, the investiture of original jurisdiction.

Under the act of 1867 and the Revised Statutes, it seems that whether prejudice or local influence, preventing justice being done, really existed, was not left open for investigation by the circuit court; or, in other words, the statutes in force prior to the act of 1887 made the removal in cases of that character depend upon the filing of the necessary affidavit in the state court, and the giving there of the required bond. *Malone* v. *Railway Co.*, 35 Fed. Rep. 628; *Fisk* v. *Henarie*, 32 Fed. Rep. 421. The act of 1887, however, expressly authorizes, as to causes pending at the date of its passage, an examination "into the truth of said affidavit, and the grounds thereof;" and the evident intention of congress was to supply the deficiencies of existing legislation in that respect, and restore to the local jurisdictions the class of causes embraced in the act, unless it should appear to the satisfaction of the circuit court that the plaintiff removing the suit would not be able to obtain justice in the state court. Under the act, the truth of the affidavit and the grounds thereof appearing, the cause remains in the circuit court for trial; otherwise, it goes back,—it is remanded to the state court for determination; and that court thus resumes, in a proper way, and in accordance with legal methods, its rightful jurisdiction and proceeds in its own way to determine the rights of the parties. The act of 1887 being, as already stated, clearly constitutional, is not less obligatory upon the state than the federal courts, (Const. U. S. art. 6, cls. 2, 3,) and it will not be presumed that the former will refuse to yield obedience to its requirements.

It is further said in argument that the testimony taken in the cause while the suit was here pending will be unavailing and inadmissible in the state court. In reply to that objection, the supreme court say:

"It will be for the state court, when the case gets back there, to determine what shall be done with pleadings filed and testimony taken during the pendency of the suit in the other jurisdiction." *Ayres* v. *Wiswall*, 112 U. S. 190, 191, 5 Sup. Ct. Rep. 90.

If the laws of the state are inadequate to afford the necessary relief in such cases, the legislature will doubtless cure the defect by appropriate legislation when the omission is called to their attention.

From the foregoing views, expressed at greater length than was perhaps necessary, it follows that the motion to set aside the order of the court remanding the cause must be denied; and it is so ordered.