## HOME SAVINGS & LOAN ASS'N v. PLASS et al.

### No. 6714.

Circuit Court of Appeals, Ninth Circuit.
March 21, 1932.

Riddell, Brackett & Fowler, of Seattle, Wash., for appellant.

Bausman, Oldham & Walkinshaw, of Seattle, Wash., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

On December 8, 1931, the court below dismissed the appellant's petition for an adjudication of voluntary bankruptcy.

On January 7, 1932, this court granted a petition for appeal in the instant case.

On February 11, 1932, the President of the United States signed an act of Congress, excluding from the operation of the Bankruptcy Act building and loan associations. The pertinent section of the act, as amended, now reads as follows: "Sec. 4. Who may become bankrupts. (a) Any person, except a municipal, railroad, insurance, or banking corporation, *or a building and loan association,* shall be entitled to the benefits of this act as a voluntary bankrupt." 11 USCA § 22.

We have italicized the new portion of the section.

On February 25, 1932, attorneys for the appellees herein filed in this court, together with due notice thereof, a motion to dismiss the appeal for lack of jurisdiction.

The sole question necessary to be considered, under our view of the case, is whether or not the amendment referred to has caused this court and the court below to lose jurisdiction over the alleged bankrupt.

In Lewis' Sutherland Statutory Construction, Second Edition, § 285, pages 550–554, there is to be found what we conceive to be the correct statement of the rule: "Powers derived wholly from a statute are extinguished by its repeal. All acts done under a statute whilst it was in force are good; but if a proceeding is in progress, in fieri, when the statute is repealed, and the powers it confers cease, it fails, for it cannot be pursued. It is held that a statutory right of appeal may be taken away, even while an appeal is pending. * * * If there has been a change or alteration or repeal of the law applicable to the rights of the parties, after the rendition of judgment, and pending an appeal, the case must be heard and decided in the appellate court, according to the existing law. When a cause of action is founded on a statute, a repeal of the statute before final judgment destroys the right, and a judgment is not final in this sense so long as the right of exception thereto remains. * * * Where a jurisdiction conferred by statute is prohibited by a subsequent statute, or the law conferring it is repealed, the jurisdiction ceases, and causes pending at the time fail, and no costs are recoverable by either party unless saved by provisions of the repealing law. * * * Jurisdiction may be taken away by repeal of the statutes conferring it by necessary implication as well as by express words."

So in the instant case. When the appellant filed its petition in voluntary bankruptcy, on December 2, 1931, it came within the provisions of the then existing law.

Today, this court is without power to order the lower court to enter an order of adjudication, and the lower court itself is without power to enter such an order.

This view is amply sustained by decisions of the Supreme Court, of this court and of other federal tribunals.

In United States v. Kelly, 97 F. 460, 461, 462, the late Judge Gilbert, of this court, said:

"The supreme court in a series of decisions has recognized the doctrine that, when jurisdiction of a cause depends upon a statute, the repeal of the statute without a reservation as to pending cases deprives the court of all the jurisdiction which the act conferred. [Merchants'] Insurance Co. v. Ritchie, 5 Wall. 541 [18 L. Ed. 540]; Ex parte McCardle, 7 Wall. 506 [19 L. Ed. 264]; Ex parte Yerger, 8 Wall. 85 [19 L. Ed. 332]; [Baltimore & P.] Railroad Co. v. Grant, 98 U. S. 398 [25 L. Ed. 231]; Sherman v. Grinnell, 123 U. S. 679, 8 S. Ct. 260 [31 L. Ed. 278]; In re Hall, 167 U. S. 38, 17 S. Ct. 723 [42 L. Ed. 69]. * * *

"We are unable to discover how a law which amends the act whereby jurisdiction was conferred differs from a repealing act such as the acts considered in the decisions above referred to. Such an amendment is, in effect, a repeal. It repeals pro tanto the grant of jurisdiction. It revokes a portion of the jurisdiction which was conferred. There is nothing in the language of the act in question to indicate a purpose to except from its operation cases which were then pending. In the absence of such a reservation, the intention of congress is clear. It is that the statute shall read as amended, and as if it had been so enacted in the first instance. As amended, the statute expresses the measure of the court's power over pending cases."

That case was followed in Parr et al. v. Colfax (C. C. A.) 197 F. 302, 304, Judge Gilbert again delivering the opinion: "The question arises, What is the effect of that statute upon the appeal in this case? The contention is made that it has no application to a case which was begun before the date of the statute. But we do not think so. There is in the statute no clause reserving jurisdiction as to pending cases, and the meaning of the statute is clear that exclusive jurisdiction is given to the Secretary of the Interior of all cases where an Indian, to whom allotment of land had been made or might thereafter be made dies or had died intestate before the expiration of the trust period and before the issuance of the fee-simple patent. That construction being given, the statute deprived the Circuit Court of jurisdiction to entertain an action such as is here under consideration, and thereby, as a necessary incident, it took away the jurisdiction of this court to entertain an appeal from the decree of the Circuit Court, sued out after the statute went into effect, and this for the reason that the act deprives this court of the power to enforce any judgment it may render on an appeal. We so construed a similar statute in United States v. Kelly, supra. * * *"

Parr v. Colfax, supra, was cited with approval in Hallowell v. Commons, Acting Indian Agent, 239 U. S. 506, 508, 509, 36 S. Ct. 202, 203, 60 L. Ed. 409, in which the Supreme Court said: "It is unnecessary to consider whether there was jurisdiction when the suit was begun. By the act of June 25, 1910, c. 431, 36 Stat. 855 [25 USCA § 372], it was provided that in a case like this of the death of the allottee intestate during the trust period, the Secretary of the Interior should ascertain the legal heirs of the decedent, and his decision should be final and conclusive; with considerable discretion as to details. This act restored to the Secretary the power that had been taken from him by acts of 1894 (28 Stat. 305, c. 290) and February 6, 1901, c. 217, 31 Stat. 760 [25 USCA § 345]. McKay v. Kalyton, 204 U. S. 458, 468, 27 S. Ct. 346, 51 L. Ed. 566, 570. It made his jurisdiction exclusive in terms, it made no exception for pending litigation, but purported to be universal, and so to take away the jurisdiction that for a time had been conferred upon the courts of the United States."

Hallowell v. Commons, supra, was followed in Smallwood et al. v. Gallardo, etc., 275 U. S. 56, 61, 48 S. Ct. 23, 24, 72 L. Ed. 152, Mr. Justice Holmes there observing: "There is no vested right to an injunction against collecting illegal taxes and bringing these bills did not create one." See, also, In re Seaholm (C. C. A. 1) 136 F. 144, 147, in which it was pertinently remarked by the court that "there was no vested right in the bankrupt to have the law stand as it was." Lockhart v. Edel et al. (C. C. A. 4) 23 F. (2d) 912, 913, in which In re Seaholm is quoted with approval; and In re Carter (C. C. A. 2) 32 F. (2d) 186, 188, in which Judge Augustus N. Hand cited both the foregoing cases approvingly.

■ We have examined each of the authorities cited or quoted by the appellant, and find them either fundamentally in accord with the views we are here entertaining, or not in point at all.

For example, in the case of In re Southern Arizona Smelting Co., 231 F. 87, 90, a bankruptcy proceeding, this court specifically held that "jurisdiction may always be inquired into."

Again, in Re United States Restaurant & Realty Co. (C. C. A. 2) 187 F. 118, 120, the court observed: "A discharge in bankruptcy is an act of grace, and the person who applies for it must comply with the conditions required as essential to its granting at the time he applies for it."

So in the instant case. By filing its petition, the appellant has already availed itself of one of the "benefits" provided for in the old law, at a time when it came within its provisions. Now the appellant no longer comes within the purview of the statute, as amended. Therefore, it cannot claim a prospective benefit—namely, that of being adjudicated a bankrupt—as a matter of vested right, when neither this court nor the court below any longer has the jurisdiction to grant the appellant that benefit.

Had the lower court granted an order of adjudication before the passage of the new law, no one would have questioned its jurisdiction to do so. Conversely, no power, save that of Congress itself, can now reinvest this court or the court below with such jurisdiction.

Appeal dismissed.