## UNITED STATES v. MOOR.
### No. 8444.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1937.

Fred E. Youngman and Sewall Key, Sp. Assts. to Atty. Gen., James W. Morris, Asst. Atty. Gen., W. R. Smith, Jr., U. S. Atty., of San Antonio, Tex., and Walter S. Howe, Asst. U. S. Atty., of El Paso, Tex.

Thornton Hardie, of El Paso, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Lee Moor, a producer and ginner of cotton in the year 1934, paid under protest $223 demanded as a tax on the ginning of ten bales under the Act of April 21, 1934, 48 Stat. 598, referred to as the Bankhead Cotton Control Act. Denied refund, he sued the United States for its recovery. The court held the act and its tax unconstitutional and gave judgment for the plaintiff. This appeal raises the single question of the validity of the tax.

For the United States it is contended that the tax is an excise validly laid; that the exemptions from it do not destroy its character or render it not geographically uniform; and that it is also valid as a regulation of interstate and foreign commerce in cotton. On the other hand it is contended that as a tax there is not the required uniformity because of the scheme of exemptions; that too much power is delegated to the Secretary of Agriculture in fixing the rate of tax and in relieving from it by the allotment of exemptions; and that there is only an effort to regulate cotton production which is a matter reserved to the states by the Constitution.

We do not enter upon a discussion of these contentions because we are convinced that this act should fall and is regarded by Congress as having fallen along with the Agricultural Adjustment Act of May 12, 1933, as amended, 7 U.S.C.A. § 601 et seq., which was held unconstitutional by the Supreme Court on July 6, 1936. United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. The act here involved is stated in its title to be intended "to provide funds for paying additional benefits under the Agricultural Adjustment Act"; and this purpose is repeated in the declaration of policy, and in section 16(c)

where the proceeds derived from the tax are authorized to be thus used. The Bankhead Act is referred to in both the majority and dissenting opinions in United States v. Butler, supra, as intended to enforce the Agricultural Adjustment Act by heavily taxing those who would not make agreements under the latter. The Committee Reports touching the Bankhead Act fully show this purpose. Immediately after the Agricultural Adjustment Act was held unconstitutional the Congress repealed the Bankhead Act, Act of Feb. 10, 1936, 49 Stat. 1106; and by the Act of March 2, 1936, 49 Stats. 1155, it was declared that all uncollected taxes, penalties and interest and liens therefor arising under it were canceled and released. Congress thereby indicated that the Bankhead Act was so intimately related to the Agricultural Adjustment Act that the two should go down together. The two are parts of one plan. It would certainly not be fair to relieve those who had not paid the tax, and deny relief to those who had. We are content to hold that the Bankhead Act shares the fate of the Agricultural Adjustment Act.

The judgment is affirmed.