## UNITED STATES ex rel. CARLISLE v. HAMMOND, United States Marshal.*
### No. 8607.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1938.

For former opinion, see 99 F.2d 557.

Jno. E. Green, Jr., Robt. F. Carter, and Archie D. Gray, all of Houston, Tex., for appellant.

Grant W. Kelleher, Sp. Atty., Department of Justice, of Washington, D. C., John Henry Lewin and Hammond E. Chaffetz, Sp. Assts. to Atty. Gen., and Douglas W. McGregor, U. S. Atty., and George O'-Brien John, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The new matter in the motion for rehearing is the course of the decisions when the appeal from a judgment remanding a case removed from a State court which was permitted by Section 5 of the Act of March 3, 1875, 18 Stats. 470, was discontinued by the Act of March 3, 1887, 24 Stats. 553. Jud.Code § 37, 28 U.S.C.A. § 80. In Sherman v. Grinnell, 123 U.S. 679, 8 S.Ct. 260, 31 L.Ed. 278, the order of remand was made before the Act of 1887 went into effect, but the writ of error was taken after. The writ was dismissed. Chicago, B. & Q. R. Co. v. Gray, 131 U.S. 396, 9 S.Ct. 793, 33 L.Ed. 212, presented a similar situation with a like result. But in Rosenthal v. Coates, 148 U.S. 142, 13 S.Ct. 576, 37 L.Ed. 399, decided in 1893, we are told that the appeal was taken three days before the Act of 1887 went into effect, and was decided on the merits. No motion to dismiss it was made, and no opinion was expressed on the effect of the Act of 1887 upon the appeal pending at its passage. The Act of 1887 did not in terms abolish such appeals, nor destroy the right of appeal. Its provision was: "No appeal or writ of error from the decision of the circuit court so remanding such cause shall be allowed." 24 Stat. 552, § 1. An appeal that had already been allowed before the Act was passed would seem not affected under this language. There was in addition, however, in Section 6 an express repeal of the appeal provision of the Act of March 3, 1875, which in Sherman v. Grinnell, supra, was emphatically asserted to destroy the whole basis of the Supreme Court's jurisdiction. We do not think the failure of the Supreme Court to question its own jurisdiction in the Rosenthal Case can be taken as establishing anything to the contrary.

Motion denied.

HOLMES, Circuit Judge, dissents.