## COOK v. UNITED STATES.

### No. 9343.

Circuit Court of Appeals, Fifth Circuit.

Nov. 15, 1940.

---

J. Hurbert Farmer, of Dothan, Ala., and Marion Rushton, of Montgomery, Ala., for appellant.

Edward H. Horton and Sewall Key, Sp. Assts. to Atty. Gen., and Samuel O. Clark, Jr., Asst. Atty. Gen., and Thos D. Samford, U. S. Atty., of Montgomery, Ala., for appellee.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

During the years 1934 and 1935, appellant (plaintiff below) was a grower of cotton in Alabama. He produced more cotton than was allotted to him under certain acreage-reduction contracts which he had entered into with the United States, and became subject to a tax on his excess production in the sum of five cents per pound. In lieu of the payment of this tax he purchased, through the United States Department of Agriculture, cotton-exemption certificates, paying therefor approximately four cents per pound.

After the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., and the Bankhead Cotton Control Act, 7 U.S.C.A. §§ 701–725, were declared unconstitutional,[1] appellant duly filed claim for the amount of payments made by him for such exemption certificates. His claim was rejected, and this suit was brought by him against the United States to recover the amount of said claim. A motion to dismiss the complaint was made by the defendant, which was sustained by the Court below on the grounds that (1) the complaint showed on its face that the court lacked jurisdiction of the subject matter, (2) the United States had not consented to be sued upon the claim set forth in the complaint, and (3) the provisions of the Second Deficiency Appropriation Act, approved June 25, 1938, 7 U.S.C.A. §§ 701–723 note, specifically prohibited the maintenance of this action.

It is well settled that the United States Government is not suable as of common right, and the party who sues it must bring his case within the authority of some act of Congress or the court cannot exercise jurisdiction over it.[2]

Recognizing this rule, the appellant points to the Tucker Act, approved March 3, 1887, c. 359, 24 Stat. 505, 28 U.S. C.A. § 41(20), and the Second Deficiency Appropriation Act, approved June 25, 1938. The Tucker Act is general in its nature, and must give way to special statutes covering the particular cases. The federal courts, other than the Supreme Court, do not derive their jurisdiction from the Constitution of the United States, but exercise only such powers as Congress, within constitutional limits, confers upon them.

[1] United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914; United States v. Lee Moor, 5 Cir., 93 F.2d 422.

[2] United States v. Clarke, 8 Pet. 436, 444, 8 L.Ed. 1001; Reid v. United States, 211 U.S. 529, 29 S.Ct. 171, 53 L. Ed. 313; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633.

So long as it does not expand that jurisdiction beyond such limitations, the Congress may give, withhold, or restrict that jurisdiction as it sees fit.[3] Courts created by statute must look to the statute as the warrant of their authority, and even an implied repeal of it leaves the courts powerless to decide pending cases.[4]

If it be conceded that the Tucker Act gives jurisdiction in this class of cases (which we do not decide), it was taken away in this particular case by the provisions of the Second Deficiency Appropriation Act, supra, which provided that, in the absence of fraud, all findings of fact and conclusions of law of the Commissioner of Internal Revenue upon the merits of any such claim for refund, and the mathematical calculations made in connection therewith, should not be subject to review by any court or by any officer, employee, or agent of the United States.

Treasury Decision No. 4850, duly promulgated, provides that refunds will be allowed only to the extent that the tax, penalty, or interest was paid in money, and that the satisfaction of tax liability by the surrender or use of tax exemption certificates, tax payment warrants, or tax exemption stamps is not considered a payment of the tax in money.

■ The United States Government is under no obligation to provide a remedy through the courts against itself.[5] The Congress having prescribed the conditons applicable to refunds of amounts collected under the Bankhead Cotton Control Act, these conditions must be strictly followed.[6]

In the case before us, appellant paid no tax in money or otherwise to the Collector of Internal Revenue. He had the option of paying the tax in cash to such collector in his district on his excess lint cotton grown in 1934 and 1935 (as was done in United States v. Lee Moor, 5 Cir., 93 F.2d 422); but, for reasons presumably deemed wise by him, he chose to purchase tax exemption certificates to cover the ginning of his excess cotton, and, accordingly, he received the ginner's certificate that the cotton was free of any tax lien or claim. He was thereby enabled to gin and sell his excess lint cotton without paying the tax imposed by the aforesaid act.

■ Not only did Congress expressly prohibit the refund of amounts not paid as a tax in money to a collector of internal revenue, but it further provided that, in the absence of fraud, all findings of fact and conclusions of law of the Commissioner of Internal Revenue upon the merits of any such claim for refund should not be subject to review by any court. Appellant alleges the filing of a proper claim for refund and its rejection by appellee. This amounts to an allegation that appellant's claim for refund, required to be filed by the provisions of the act, was rejected by the Commissioner of Internal Revenue upon its merits. Therefore, the court below, since the complaint contained no allegation of fraud, was without jurisdiction to review the Commissioner's findings of fact and conclusions of law upon the merits of appellant's claim.

The judgment of the district court is affirmed.

[3] Sheldon v. Sill, 8 How. 441, 12 L. Ed. 1147; De Groot v. United States, 5 Wall. 419, 18 L.Ed. 700; Case of Sewing Machine Companies, 18 Wall. 553, 21 L. Ed. 914; Ex parte Robinson, 19 Wall. 505, 22 L.Ed. 205; Stevenson v. Fain, 195 U.S. 165, 25 S.Ct. 6, 49 L.Ed. 142; Commonwealth of Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633, 5 Ann.Cas. 692; Ex parte Wisner, 203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264; Kline v. Burke Construction Co., 260 U. S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A. L.R. 1077; Gillis v. California, 293 U. S. 62, 55 S.Ct. 4, 79 L.Ed. 199; Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

[4] Merchants' Insurance Co. v. Ritchie, 5 Wall. 541, 18 L.Ed. 540; Assessors v. Osborne, 9 Wall. 567, 19 L.Ed. 748;

Hallowell v. Commons, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409; Smallwood v. Gallardo, 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152.

[5] United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011.

[6] Cheatham v. United States, 92 U.S. 85, 23 L.Ed. 561; Stephens v. Monongahela Bank, 111 U.S. 197, 4 S.Ct. 337, 28 L.Ed. 400; Medbury v. United States, 173 U.S. 492, 19 S.Ct. 503, 43 L.Ed. 779; United States ex rel. Parish v. MacVeagh, 214 U.S. 124, 29 S.Ct. 556, 53 L. Ed. 936; Rock Island, etc., R. R. v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188; Luckenbach S. S. Co. v. United States, 272 U.S. 533, 47 S.Ct. 186, 71 L.Ed. 394; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L. Ed. 598.