**WELLS v. LONG et al.**

No. 2468.

District Court, D. Idaho, S. D.

Nov. 14, 1946.

Anderson & Leguineche and Darwin W. Thomas, all of Boise, Idaho, for plaintiff.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and Paul S. Boyd, Asst. U. S. Dist. Attys., all of Boise, Idaho, for defendant United States.

Charles F. Reddoch, of Boise, Idaho, for defendant Mary E. Long.

CLARK, District Judge.

This action was brought by Allen Wells, plaintiff, to quiet title to certain lands conveyed by Mary Elizabeth Long to the United States of America.

By the allegations of the complaint, it appears that the property was originally owned by Jerome T. Long, now deceased, and Mary Elizabeth Long, his wife, and was, during his lifetime, the community property of said decedent and defendant Mary Elizabeth Long. Prior to the death of Jerome T. Long, he made an oral contract to sell the lands in question to the plaintiff herein, which oral agreement was changed orally from time to time, with the knowledge and consent of both parties to such agreement and with the consent of the defendant herein, Mary Elizabeth Long. On the death of Jerome T. Long his estate was duly probated and a decree of distribution entered on September 24, 1942, decreeing all the property, including the lands in question here, to defendant, Mary Elizabeth Long, and a certified copy of said decree of distribution was duly recorded in the records of Elmore County, Idaho, the county in which the lands are situated.

There is no claim that the records show any interest of the plaintiff in and to the lands involved herein.

The defendant United States of America purchased the land from the defendant Mary Elizabeth Long and she conveyed the land to the United States of America by warranty deed.

The complaint alleges that the Government purchased the lands with full knowledge that the plaintiff was in the actual and lawful possession thereof and the complaint prays for judgment quieting title.

The defendant United States of America filed its motion to dismiss on the following grounds:

1. To dismiss the action because there is no jurisdiction over the subject matter thereof;

2. To dismiss the action because there is no jurisdiction over this defendant.

3. To dismiss the action because the complaint fails to state a claim against this defendant upon which relief can be granted.

The defendant Long's motion is on the same grounds.

The facts as hereinbefore set forth are admitted in the complaint.

The question presented by the motions is whether or not Congress in enacting Section 901 of Title 28 U.S.C.A., as amended, has waived the immunity of the United States in an action to quiet title where the record title is vested in the United States.

The motion involves the interpretation of this Statute which provides as follows:

"Upon the conditions herein prescribed for the protection of the United States the consent of the United States is given to be named a party in any suit which is now pending or which may hereafter be brought in any United States district court, including those for the districts of Alaska, Hawaii, and Puerto Rico, and the District Court of the United States for the District of Columbia, and in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real estate or personal property, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises or personal property involved."

It seems clear that the consent of the United States, to be sued, is not given in any ordinary suit to quiet title by this section of the Statute.

When the United States became the owner of the property by warranty deed there was no mortgage or lien claimant. The United States is relying on title and this section provides that only upon certain conditions (which conditions were provided for the protection of the United States) "the consent of the United States is given to be named a party to any suit." Those conditions are limited "to quiet title to or for the foreclosure of a mortgage or other lien upon real estate or personal property, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises or personal property involved."

█ This action is not permitted by the provisions of this Act as it is not brought to quiet title to or for the foreclosure of a mortgage or other lien and it cannot be interpreted to include consent to be sued where the only claim of the United States is absolute title; mortgages or liens are not involved.

█ The Government is not liable to suit unless it consents thereto and its liability in suit cannot be extended beyond the plain language of the statute authorizing it.

If Congress had intended to give the consent of the Government to be sued in an action of this kind it would have said so and would not have made the limitation confining it to mortgages and liens.

█ There is no necessity to discuss the allegations of the complaint that the Government purchased the land with full knowledge of the claim of the plaintiff, for such knowledge could only be had by officers of the Government and it is well settled that the United States is neither bound or estopped by their acts.

It is clear that this Court is without jurisdiction and that the complaint fails to state a claim against the United States.

Order sustaining the motions to dismiss will be made and entered.