**BROWN v. DEVLIN et al.**

**No. 1380.**

United States District Court
D. Montana, Great Falls Division.

Aug. 4, 1953.

LaRue Smith, LaRue Smith, Jr., Great Falls, for plaintiffs.

Dalton Pierson, U. S. Dist. Atty., H. D. Carmichael, Asst. U. S. Dist. Atty., R. Lewis Brown, Jr., Asst. U. S. Dist. Atty., Butte, Mont., for defendant United States.

PRAY, District Judge.

The complaint in the above cause states that the plaintiffs have made and entered into an agreement to sell, and have sold, certain lands in Hill County, Montana, to the North Montana College, Havre, Montana, which said lands abut and adjoin on the north, west and south the lands described in Exhibits "A", "B" and "C", which are attached to and made a part of the complaint; that plaintiffs contend the north 20 feet of the lands granted and conveyed by Exhibit "B" to the United States is the same identical area of land described as approximately the south 20 feet of the lands granted and conveyed by the lands description in Exhibit "C" to A. O. Brende of Havre, Montana, and plaintiffs cannot determine and make certain the exact area and boundaries of the lands they own which abut and adjoin on the north, west and south the lands described in Exhibits "B" and "C".

It appears that the copies of the recorded instruments attached to the complaint as Exhibits "A", "B", and "C" are prima facie evidence of the lands conveyed therein, and surveys would determine the exact location of the lands de-

**46**

scribed in each of said conveyances; and, in any event, as to the conflict alleged with respect to Exhibits "B" and "C" the conveyances to the United States of America of March 9, 1934, and July 21, 1934, are prior to the conveyance to A. O. Brende on April 12, 1937.

■ The easements or incorporeal hereditaments described in the conveyances to the United States of America were granted, conveyed and warranted to the United States of America for the respective considerations set forth therein, and there are no provisions in said conveyances respecting limitations or reservations, resulting in ownership being in the United States of America. It was held in United States v. Sandlass, D.C.N.J., 34 F.Supp. 81, that an easement owned by the United States is an exception to the rule that an easement may be lost by adverse possession.

■ Plaintiffs seek to invoke the jurisdiction of this court pursuant to the provisions of Title 28 U.S.C.A. § 1346 (a), subsection (2), contending that the conveyances represent a contract within the provisions of this section, but no authorities are found to support this contention, as it does not state a case within the authority of a consent statute enacted by Congress. The United States as a sovereign cannot be sued without its consent. United States v. Sherwood, 312 U S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Cook v. United States, 5 Cir., 1940, 115 F.2d 463.

■ Plaintiffs contend that this court has jurisdiction under the provisions of Title 28 U.S.C.A. § 2201, Declaratory Judgments, but the authorities hold that the above section is merely a procedural device. Love v. United States, 8 Cir., 1939, 108 F.2d 43; Atlantic Meat Co. v. R. F. C., 1 Cir., 1948, 166 F.2d 51; McCarty v. Hollis, 10 Cir., 1941, 120 F.2d 540. It neither alters the character of the court's power or the requisites for its exercise. Hann v. Venetian Blind Cor-

poration, D.C.S.D.Cal.1936, 15 F.Supp. 372; Clark v. Memolo, 1940, 85 U.S.App. D.C. 65, 174 F.2d 978; Lynn v. United States, 5 Cir., 1940, 110 F.2d 586.

Other authorities hold that Section 2410 (formerly Section 901) of Title 28 does not authorize quiet title action against the United States claiming only absolute title and not involving mortgages or liens. Wells v. Long, D.C.Idaho 1946, 68 F.Supp. 671, which decision was upheld by the Circuit Court of Appeals. Wells v. Long, 9 Cir., 1947, 162 F.2d 842, as follows: "Complaint to quiet title against the United States and another was properly dismissed by federal District Court, in absence of allegation of diversity of citizenship or disclosure of any other basis for federal jurisdiction."

In some instances it ·appears that where question is raised regarding title to property which is in the United States that there may be a remedy by application to the court of claims, or to Congress, or to the executive department in charge of the property, but not by proceedings which do not state a case within the authority of some consent statute enacted by Congress which provides the court with jurisdiction.

The defendant United States of America filed its motion to dismiss on the grounds (1) that the complaint fails to state a claim upon which relief can be granted as against the United States of America, and (2) that this court lacks jurisdiction of the action so far as the United States of America is concerned in that there is no statutory consent for filing the action against the United States of America, and the defendant United States of America has not otherwise consented to be sued.

The court has carefully considered the briefs of counsel, and the authorities applicable, and being duly advised, it would appear that an order sustaining the motion to dismiss should be entered, and such is the order of court herein. Exceptions allowed counsel.