Esther V. HULL and Lathrop W. Hull, as trustees under the Last Will and Testament of J. Y. Hull, deceased; Esther V. Hull; Lathrop W. Hull; Gertrude Hull Felker; and Ella J. Ewens, Plaintiffs,

v.

Arne TOLLEFSON, County Auditor, McKenzie County, North Dakota; McKenzie County, North Dakota, a public corporation and a duly organized subdivision of the State of North Dakota; Ivan Murray; John F. Mullaney; The Texas Company, a Delaware Corporation; Amerada Petroleum Corporation, a Delaware Corporation; Halvor F. Holbeck; and the United States of America, Defendants.

Civ. No. 3173.

United States District Court
D. North Dakota, N. D.

Feb. 20, 1956.

H. A. Mackoff, of Mackoff, Kellogg, Muggli & Kirby, Dickinson, N. D., for plaintiffs.

Robert Vogel, U. S. Atty., Fargo, N. D., for defendant United States.

E. R. Fleck, of Strutz, Jansonius & Fleck, Bismarck, N. D., for defendant Amerada Petroleum Corp.

REGISTER, District Judge.

This is an action to quiet title to certain lands in McKenzie County, North Dakota. Jurisdiction of this court is based upon diversity of citizenship. The case is now before this Court on motion of the United States of America, one of the defendants herein, to dismiss the action as to the United States on the ground that this Court has no jurisdiction over either the subject matter or the defendant United States, and that the complaint, counterclaim and crossclaim in this action fail to state a claim against the defendant United States upon which relief can be granted.

By the allegations of the complaint it appears that on October 1, 1940, an Auditor's Tax Deed of and to the lands in controversy was executed and delivered in favor of McKenzie County, North Dakota, as grantee. Thereafter, and on or about May 3, 1949, said County executed and delivered a County Deed, conveying said lands to Ivan Murray, as grantee, who thereafter, and on or about February 2, 1951, executed and delivered a warranty deed of and to said lands to the United States of America, as grantee. The United States of America is one of the defendants herein, and is the

record title owner of said lands. Plaintiffs are the testamentary trustees under the last will and testament of J. Y. Hull (owner of said lands at the time of the execution and delivery of said Auditor's Tax Deed) and the widow and children (and heirs, devisees and legatees) of said deceased. Plaintiffs allege that said Auditor's Tax Deed was null and void, and further allege that no title was vested in said Ivan Murray by virtue of the County Deed aforesaid. The defendant Halvor F. Holbeck filed an Answer, and further filed a counterclaim and cross-complaint in which he asked for affirmative relief against the defendant United States of America.

The determination of the motion presented depends upon interpretation of Section 2410, Title 28 U.S.C., which section is quoted:

"§ 2410. Actions affecting property on which United States has lien. (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, including the District Court for the Territory of Alaska, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

The question presented by the motion is whether or not Congress, in enacting said Section 2410, has waived the immunity of the United States in an action to quiet title where the record title is vested in the United States.

The United States as a sovereign cannot be sued without its consent. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Cook v. United States, 5 Cir., 115 F.2d 463; Brown v. Devlin, D.C., 116 F.Supp. 45.

The Government is not liable to suit unless it consents thereto, and its liability in suit cannot be extended beyond the plain language of the statute authorizing it. Wells v. Long, D.C., 68 F.Supp. 671.

Consent is given by the provisions of Section 2410, under certain conditions which have been prescribed for the protection of the United States, to the naming of the United States as a party in a suit "to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property *on which the United States has or claims a mortgage or other lien.*" The waiver of immunity is specifically limited to such suits. (Emphasis added.)

The identical question here involved was before the Court in Wells v. Long, supra. However, at that time the statute involved was Section 901, Title 28 U.S.C., which section was the forerunner of the present Section 2410. Said section 901 provided as follows:

"Upon the conditions herein prescribed for the protection of the United States, the consent of the United States is given to be named a party in any suit which is now pending or which may hereafter be brought in any United States district court, including those for the districts of Alaska, Hawaii, and Puerto Rico, and the District Court of the United States for the District of Columbia, and in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real estate or personal property, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises or personal property involved."

The Court, in the Wells v. Long case, supra, decided that immunity was not waived by said Section 901 in an action to quiet title where the record title is vested in the United States. On appeal this precise point was not passed upon, as the Circuit Court was of opinion that

the District Court was without jurisdiction to entertain the suit.

Plaintiffs stress the fact that when Section 901 was amended, the following language was deleted:

"for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises or personal property involved."

Plaintiffs conclude that after the decision in the Wells case, supra, the quoted portion of Section 901 was deleted "in order to prevent subsequent misinterpretation of such section". The plaintiffs further contend that Section 2410 is intended to cover both quiet title actions *and* actions for the foreclosure of liens or mortgages. (Emphasis added.)

It appears clear to this Court, however, that while the deleted portion of Section 901 restricted the waiver of immunity to certain suits (those brought "to quiet title to or for the foreclosure of a mortgage or other lien upon real estate or personal property") which had been brought for a specific purpose ("for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises or personal property involved"), Section 2410 restricts such waiver to similar suits. That is, such waiver is restricted to those suits "to quiet title to or for the foreclosure of a mortgage or other lien", which mortgage or other lien is "upon real or personal property on which the United States has or claims a mortgage or other lien." The effect of the restrictive verbiage of said Section 2410 appears to be similar to that of the deleted portion of said Section 901, and this Court is of the opinion that such statute *does not waive immunity* of the United States from suits to quiet title to real property which it owns or claims to own in fee.

It therefore appears that this Court is without jurisdiction and that the complaint, counterclaim and cross-claim each fails to state a claim against the United States, upon which relief can properly be granted.

For the foregoing reasons, an Order sustaining the motion to dismiss as to the United States of America will be made and entered.

It will be so ordered.