**ANSONIA NATIONAL BANK OF AN-SONIA, CONNECTICUT, Trustee**

v.

**UNITED STATES of America.**

Civ. A. 6265.

United States District Court
D. Connecticut.

Oct. 3, 1956.

Carl A. Lundgren, Ansonia, Conn., for plaintiff.

Simon S. Cohen, U. S. Atty., Henry C. Stone, Asst. U. S. Atty., Hartford, Conn., for the United States.

J. JOSEPH SMITH, Chief Judge.

By terms of an agreement dated November 25, 1910, Ansonia, Connecticut, James M. Emerson agreed not to erect any building on a twelve foot strip of his land adjoining land being acquired by the United States for post office purposes. This agreement recited the consideration of one dollar and was conditioned on the maintenance of similar restrictions on the adjoining land. The agreement was signed only by Emerson and recorded.

The successors in interest to this land, the Ansonia National Bank, now bring an action against the United States un-

der Section 2410 of Title 28 U.S.C.A., to quiet title in the Emerson land. The United States has moved to dismiss the complaint for lack of jurisdiction.

The United States as a sovereign is immune from suit except insofar as it has consented to be sued. Such consent must be conservatively construed. United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. By Section 2410 the United States has consented to be sued "to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien." An analysis of this section reveals that there are two requisites to be fulfilled before sovereignty is waived, i. e., a limited class of actions—quiet title or foreclosure, and a certain type of interest in the property on the part of the United States. Hull v. Tollefson, D.C.N.D. 1956, 138 F.Supp. 315; Brown v. Devlin, D.C.D.Mont.1953, 116 F.Supp. 45.

Plaintiff has pleaded an action to quiet title, but he has failed to allege a lien or mortgage interest in the land in the United States. What was granted by the agreement of 1910 was not a lien.

"A lien is the right which a creditor has of detaining in his possession the goods of his debtor until the debt is paid." Fishell v. Morris, 1889, 57 Conn. 547, 551, 18 A. 717, 6 L.R.A. 82.

"In its broadest sense and common acceptation a lien is understood and used to denote a legal claim or charge on property, either real or personal, as security for the payment of some debt or obligation." 53 C.J.S., Liens, § 1, subsec. a, p. 826.

In the instant case there is no debtor-creditor relationship between the plaintiff and the United States. Moreover, even if the United States has some rights in relationship to plaintiff's use of his land, the United States has no interest in that land out of which it could

be satisfied if those rights were abused. Whether this agreement constituted an easement by grant or merely a covenant is immaterial. The fact that the United States has neither a lien or mortgage interest in the land is sufficient to deprive this court of jurisdiction over the action.

The motion to dismiss the complaint is granted.