**Harold Wesley ZAGER and Carol Jean Zager, Husband and wife, Plaintiffs,**

v.

**UNITED STATES of America, Stewart Udall, Secretary of the Interior, and the State of Wisconsin, Defendants.**

No. 65–C–171.

United States District Court
E. D. Wisconsin.

July 25, 1966.

Robert J. Kay, Madison, Wis., for plaintiffs.

James B. Brennan, U. S. Atty., by Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for defendants, United States and Stewart Udall, Secretary of Interior.

## OPINION AND ORDER

REYNOLDS, District Judge.

This action was originally brought by the plaintiffs against the United States of America, Stewart Udall, Secretary of the Interior, and the State of Wisconsin in the Circuit Court of Forest County, Wisconsin. It was removed to this court upon petition for removal by the United States under Title 28 U.S.C.A. § 1442(a) on behalf of the defendants United States of America and Stewart Udall, Secretary of the Interior.

The complaint alleges that plaintiffs are the joint owners in fee simple of the following described premises, situated in the County of Forest, State of Wisconsin, to wit:

"Government Lot Four (4), in Section Seven (7), Township Thirty-eight (38) North, of Range Twelve (12) East of the Fourt (sic) Principal Meridian, and also that portion of Lot 4 which is presently designated as portions of Lot Six (6) and Nine (9), which lies West of the eastern boundary line of Lot 4 as extended North from the meander line, as shown on the original survey approved December 20, 1859, to the actual shoreline of Lake Julia, excluding Lots Seven (7) and Eight (8), lying within the described area."

Plaintiffs contend that the above-described land was part of a grant to the State of Wisconsin in 1859 from the United States of America pursuant to the Swamplands Act of February 28, 1850. Said land, known as Government Lot Four, was described as bordering on Lake Julia and was transferred by patent in 1898 from the State of Wisconsin to plaintiffs' predecessors in title. From 1898 to 1941, plaintiffs' predecessors in title exercised dominion and control over Government Lot Four, including a certain strip of land comprising approximately 32 acres, lying between the meander line as said land was originally surveyed and the actual shoreline of Lake Julia.

In 1938, the Bureau of Land Management, a division of the Department of the Interior of the United States, acting under and pursuant to the direction of the Secretary of the Interior, conducted a resurvey of the above-described land, and upon completion of the resurvey in 1941, the Bureau of Land Management declared that any land lying between the meander line of Lake Julia and Government Lot Four, as shown on the original survey approved December 20, 1859, and the actual shoreline of Lake Julia was omitted public lands and proceeded to take possession and control of said lands which comprised approximately 32 acres.

Plaintiffs contend that such possession and control was contrary to the paramount rights of their predecessors in title and as continued presently is contrary to their paramount rights. Plaintiffs allege that the Secretary of the Interior acted beyond the scope of his delegated powers and authority under the laws of the United States in conducting a resurvey of the land in question and in occupying and controlling that part of such land located between the original meander line of Lake Julia and Government Lot Four and the actual shoreline of Lake Julia. Plaintiffs have demanded of defendants, United States of America and Stewart Udall, Secretary of the Interior, that plaintiffs be placed in possession of said land, which demand has been rejected.

Plaintiffs pray that this court quiet plaintiffs' title to the above-described property and adjudge that none of the defendants have any right, title, or interest in or to said property, and pray that defendants, United States of America and Stewart Udall, Secretary of the Interior, and their agents and officials,

be ejected from said property and be restrained from interfering with plaintiffs' quiet and peaceful enjoyment of said premises. If this court deems that plaintiffs' title to the above-described premises cannot be quieted in them without further ministerial actions of the Secretary of the Interior and the State of Wisconsin, then plaintiffs further pray that this court command the performance of such ministerial actions.

This case is presently before the court upon the motion of the defendants, the United States of America and Stewart Udall, Secretary of the Interior, to dismiss the complaint of the plaintiffs due to the alleged sovereign immunity of the United States and the Secretary of the Interior and the alleged lack of statutory authorization for the suit in question.

## I.

### IMMUNITY OF THE UNITED STATES

█ It is an ancient doctrine that a sovereign cannot be sued without its consent. The United States is a sovereign. Under traditional law, therefore, it cannot be sued without its consent.* United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). Congress is the organ through which the United States gives its consent.

There are three ways in which this consent is given: one is by statute specifically authorizing suit against the United States in a federal district court or State court; two is by allowing suit before the Court of Claims; and three is by passage of a private law granting redress.

█ Section 2410 of Title 28 U.S.C.A. provides that the United States may be named a party to an action in a federal district court or State court having jurisdiction over the subject matter when the United States has or claims a mortgage or other lien interest. Plaintiff asks this court to extend the meaning of Title 28 U.S.C.A. § 2410 to include situations where the United States claims a title interest as well as a lien interest. Then it could be held that Congress has consented to this suit against the United States. This statute does not include situations where the United States claims a title interest as distinguished from a lien interest. The following cases so hold: Brown v. Devlin, 116 F.Supp. 45 (D.Mont.1953); Wells v. Long, 68 F.Supp. 671 (D.Idaho 1946), aff'd, 162 F.2d 842 (9th Cir. 1947); Ansonia National Bank of Ansonia, Conn. v. United States, 147 F.Supp. 864 (D.Conn.1956).

Since no statutory authority exists for naming the United States a party defendant in this suit, the motion of the United States to dismiss this action as to it must be granted.

## II.

### IMMUNITY OF THE SECRETARY OF THE INTERIOR

█ Under the doctrine of sovereign immunity an officer of the United States, such as the Secretary of the Interior, is immune to suit in his official capacity when the suit is in effect one against the United States when the relief sought, although nominally addressed to the officer, is actually against the sovereign. A suit, for example, is against the sovereign if the judgment desired would in fact be one against the public treasury or interfere with the public administration. Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed. 2d 15 (1963); Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947).

█ There are two exceptions to the aforementioned rule. First, a suit can be brought against an officer of the United States if it contains allegations that the

---

* We have considered the many excellent criticisms of the doctrine of sovereign immunity. Since, however, it is so well imbedded in the case law of this country, we regretfully apply that doctrine to the fact situation before us.

exercise of such officer's statutory powers in a particular case is constitutionally void (e. g., habeas corpus against a prison warden or injunction against the threatened enforcement of an unconstitutional statute). The second exception would be an action where there are allegations that the officer's actions exceeded his statutory authority. Dugan v. Rank, supra; Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Larson v. Domestic and Foreign Commerce Corp., supra; Land v. Dollar, supra; Central Louisiana Elec. Co. v. Rural Electrification Admin., 236 F. Supp. 271 (W.D.La.1964). If the officer's actions exceed his delegated authority or are constitutionally void, they are not, of course, the actions of the United States, and, therefore, a suit against the officer with respect to such actions is not in effect a suit against the United States.

Here plaintiffs allege that the Secretary of the Interior in directing a resurvey and in directing the occupation and control of the land in question by other federal officials was acting beyond the scope of his delegated authority under the laws of the United States. Plaintiffs assert in their brief that the land in question was not public land within the meaning of Title 43 U.S.C.A. § 772. They also assert that even if the Secretary of the Interior possessed the authority to conduct a resurvey of the land in question, it was beyond his delegated authority to make a unilateral determination that gross error or fraud existed in the original survey. We thus find that the action against the defendant, Stewart Udall, Secretary of the Interior, is not barred by the doctrine of sovereign immunity. Central Louisiana Elec. Co. v. Rural Electrification Admin., supra at 280; Turner v. Kings River Conservation District, 360 F.2d 184 (9th Cir. 1966). The mere fact that the Secretary makes the formal assertion that his conduct was authorized by statute will not preclude the plaintiff from challenging such assertion. Plaintiffs are entitled to their day in court.

We do not, of course, at this time express any opinion as to the substantive merits of plaintiffs' case.

For the foregoing reasons,

It is ordered that the motion of the defendant, United States of America, to dismiss this action as to the United States must be and it is hereby granted.

It is further ordered that the motion of the defendant, United States of America, to dismiss this action as to the defendant, Stewart Udall, Secretary of the Interior, must be and it is hereby denied.