**SAN JUAN COUNTY, a body corporate and politic, Plaintiff,**

v.

**Fred J. RUSSELL, acting Secretary of the Interior, et al., Defendants.**

No. C 4-71.

United States District Court, D. Utah, C. D.

April 26, 1971.

Frank J. Allen, Salt Lake City, Utah, for plaintiff.

C. Nelson Day, U. S. Atty., and Ralph H. Klemm, Asst. U. S. Atty., for defendants.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

Claiming jurisdiction under Section 1346, Title 28, United States Code, plaintiff seeks by this action a declaration of rights and other relief with respect to the classification of lands in San Juan County. It is alleged that within the county there are tracts of federal public domain which are suitable for agricultural utilization and for which agriculture is the highest and best use, that plaintiff County has for many years supported its residents in their efforts to acquire rights in said tracts under the public land laws of the United States, and has petitioned the Secretary of the Interior to so classify the tracts as to permit their acquisition and utilization for agriculture and that in various proceedings and publications in the Federal Register there is culminated a classification excluding appropriate agricultural lands as being suitable and available for the use desired by the plaintiff County on behalf of its residents.

Defendants have moved the court to dismiss plaintiff's complaint for lack of jurisdiction over the subject matter. Implicit in the motion, as argued in the briefs, is the question whether plaintiff has standing to sue. There has also been argued by the defendants the claimed insufficiency of the complaint to indicate by citation the statutory basis of any subject matter jurisdiction beyond reference to the declaratory judgment statute which it is claimed does not afford jurisdiction unless it is otherwise present.

We shall proceed to consider the substantive problem involved here, since if jurisdiction and standing actually exist as is contended in plaintiff's brief any merely formal defect could and should be corrected by amendment. It has been concluded that the difficulties of plaintiff's position herein transcend mere form.

Essentially for the reasons and upon the authority set out in defendants' brief, the force of which we think has not been negated in plaintiff's answering brief, it

has been concluded that this case presents an impermissible suit against the United States without a waiver of sovereign immunity unless jurisdiction exists to review agency action upon the suit of the county as an aggrieved party by virtue of the Administrative Procedure Act, 5 U.S.C. § 702.

There is a line of cases, fanning out from decisions of the United States Court of Appeals for the District of Columbia, and culminating in a district court decision from this circuit appearing since this matter was submitted here, National Helium Corp. v. Morton, 326 F.Supp. 151 (D.C.Kan.1971), which goes furthest to support the position of the plaintiff in attempting to avoid the standing problem as well as that of agency discretion and to sustain jurisdiction on the basis of the Administrative Procedure Act. Judge Tamm in Scanwell Laboratories, Inc. v. Schaffer, 137 U.S.App. D.C. 371, 424 F.2d 859 (1970), ably underpins and documents the line of authorities referred to. *See also* North City Area-Wide Council, Inc. v. Romney, 428 F.2d 754 (3d Cir. 1970); Medical Com. for Human Rts. v. Securities and Exchange Com'n., 139 U.S.App.D.C. 226, 432 F.2d 659 (1970); Simpson Electric Co. v. Seamans, 317 F.Supp. 684 (D.D.C. 1970); Zager v. United States, 256 F. Supp. 396 (E.D.Wis.1966).

As far as I can determine, neither the Supreme Court of the United States nor the Court of Appeals for the Tenth Circuit has yet indicated quite as liberal an interpretation of the reach of the Administrative Procedure Act as have some of the authorities last referred to; yet giving their reasoning full effect, I am of the opinion that they do not sustain either jurisdiction or standing on the basis of the facts pleaded here.

Neither under the theory of a private attorney general, a general overseer of federal procedures, or a general citizenry representative can the county meet the criteria for an aggrieved person; and the secretary's acts in the case at bar seem clearly to fall within the exception of agency action committed to general discretion, there being "no law to apply" in any attempt by the court to supervise or regulate the decision of the secretary concerning the retention or disposition of the public lands in question. A consideration of relevant statutes has convinced the court that the attempted involvement of some due process problem with reference to notice or some undefined statutory or regulatory inhibition to the final classification notice does not present a substantial problem amenable to review under the Administrative Procedure Act in view not only of plaintiff's lack of standing and the lack of any vested interest in the initial determination on the part of those sought generally to be represented but by reason of the basic absence of jurisdiction of the court to supervise the administrative details of the action thus committed to administrative discretion. If in this case the court could intervene, there seems no reason why it should not become involved in a myriad of administrative and political proceedings which only in the abstract could affect the ultimate disposition of administrative decisions.

Accordingly, plaintiff's action is dismissed for lack of standing on its part and absence of jurisdiction on the part of the court.