SAN JUAN COUNTY, a body corporate
and politic, Plaintiff-Appellant,

v.

Fred J. RUSSELL, Acting Secretary of
the Interior, et al., Defendants-
Appellees.

No. 71-1473.

United States Court of Appeals,
Tenth Circuit.

April 21, 1972.

Frank J. Allen, Salt Lake City, Utah (F. Bennion Redd, Monticello, Utah, on the brief), for plaintiff-appellant.

Glen R. Goodsell, Atty., Department of Justice, Washington, D. C. (Shiro Kashiwa, Asst. Atty. Gen., C. Nelson Day, U. S. Atty., H. Ralph Klemm, Asst. U. S. Atty., and Edmund B. Clark, on the brief), for defendants-appellees.

Before HILL, SETH and BARRETT, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing appellant's complaint in the District of Utah, and further order denying amendment of the complaint and reconsideration of dismissal.

On June 3, 1970, the Bureau of Land Management Director of Utah, pursuant to 43 U.S.C. § 1411 et seq., published a "Notice of Proposed Classification of Public Lands for Multiple Use Management" for land located in San Juan County, Utah. This is a retention classification indicating an intention to retain the land in public ownership. On September 23, 1970, a "Notice of Classification of Public Lands for Multiple Use Management, and for Disposal" was published. This notice indicated some 10,000 acres were subject to disposal under 43 U.S.C. § 1421 et seq., and was in excess of the notice contained in the Proposed Classification. On December 15, 1970, "Notice of Modification of Classification" was published to correct the erroneous classification by eliminating the 10,000 acres classified for disposal and reinstating the acreage to the original Multiple Use Management Classification. This classification became final under 43 U.S.C. § 1418 on December 20, 1970.

Appellant filed suit on January 3, 1971, contending the modification by appellees of the classification comprising the 10,-000 acres classified for disposal was ineffective for failure to comply with notice requirements, as an abuse of discretion, and in violation of an asserted prior agreement.

The trial court, in its Memorandum Decision,[1] clearly and correctly bottoms the Order of Dismissal of the action on plaintiff's lack of standing to sue and the absence of jurisdiction of the court to become involved in controversies committed to administrative discretion.

We are in full accord with the reasoning and results of that Memorandum Decision, and affirm the case on the basis of that reported decision.

1. 340 F.Supp. 1306 (D.C.Utah 1971).