Charles F. Graney, J.
The plaintiff has sued to foreclose a mortgage and has included as a defendant the United States of America which has leased a portion of the subject premises. The plaintiff claims that the existence of this lease would make the property virtually unmarketable at a foreclosure sale.
The defendant, United States of America, has moved to dismiss the action against itself on the ground that the court has no jurisdiction of the subject matter (CPLR, 3211, subd [a], par 2) because the United States has not waived sovereign immunity so as to give State courts jurisdiction to terminate its rights under a lease. Although the motion in some aspects appears to be similar to a motion directed to the question of jurisdiction over the person of the defendant (CPLR 3211, subd [a], par 8), we feel it is properly considered as a challenge to subject matter jurisdiction and thus timely made.
The resolution of the issue of whether this State court in a mortgage foreclosure proceeding has a right to cutoff the United States’ leasehold interest depends on the interpretation to be given subdivision (a) of section 2410 of title 28 of the United States Code. That section provides, in relevant part: "the United States may be named a party in any civil action or suit * * * in any State court having jurisdiction of the *811 subject matter * * * (2) to foreclose a mortgage or other lien upon * * * real or personal property on which the United States has or claims a mortgage or other lien.”
The movant contends that it has only consented to be sued under section 2410 when its interest is that of a mortgage or lien, that is, a security interest. The plaintiff contends that the statute is not limited to security interests but makes other interests of the United States subject to mortgage foreclosure proceedings.
No reported case has been found which decides the exact point in issue. Nor has any case been found in the reports of the State or Federal courts in New York which discuss subdivision (a) of section 2410 except Riordan v Ferguson (147 F2d 983). Although that case is not directly in point, the Second Circuit did state at page 986 of its opinion: "where the United States is the owner of record, 28 U.S.C.A. § 901, allowing suit to secure an adjudication concerning a mortgage, lien or other claim on realty of the United States, does not apply.”
An analysis of the issue must begin by a recognition that the words lien and lease have accepted legal meanings.
"A lien may be defined as a charge upon property for the payment or discharge of a debt or duty. It is a right given by the law which may be exercised over the property covered by the lien to have the debt of the owner of the property satisfied out of it. But a lien, although a charge upon property, confers no general right of property or title upon the holder.” (35 NY Jur, Liens, § 1.) In a case involving section 2410, a lien was defined similarly, " Tn its broadest sense and common acceptation a lien is understood and used to denote a legal claim or charge on property, either real or personal, as security for the payment of some debt or obligation.’ ” (Ansonia Nat. Bank v United States, 147 F Supp 864, 865.) It is clear that a lien is a security interest in property.
A lease is an estate or interest in real property, although the lease itself is generally not considered to be real property. (33 NY Jur, Landlord and Tenant, §§ 1-3.)
The plaintiff does not contend that the lease in question is a security interest, but does argue that it is the type of interest which is covered by the consent set forth in section 2410.
As stated before, no reported cases have been found which concerned a leasehold interest of the United States. The courts that have considered cases involving other types of *812 interests in real property have all held that section 2410 does not subject the United States to suit in a State court. (Bertie’s Apple Val. Farms v United States, 476 F2d 291; Zager v United States, 256 F Supp 396; Ansonia Nat. Bank v United States, supra; Hull v Tollefson, 138 F Supp 315; Wells v Long, 68 F Supp 671.) In the Ansonia Nat. Bank case, the United States’ interest was that of an easement or convenant. In the other cases, absolute title was claimed.
The United States as a sovereign is immune from suit except insofar as it has consented to be sued and such consent must be conservatively construed. This principle has been enunciated by courts on innumerable occasions and applied specifically to section 2410 in Ansonia Nat. Bank v United States (supra, p 865), Hull v Tollefson (supra, p 316) and Wells v Long (supra, p 672).
The plaintiff argues that a review of the legislative history of section 2410 and congressional intent leads to the conclusion that its terms should be interpreted to include leasehold interests, and points out that Senate Report No. 351 (71st Cong, 2d Sess, 1930) indicates the purpose of the statute was to facilitate transfers of property encumbered by government claims. A reading of that document discloses that there are ten references to "liens” and never a use of a more ambiguous term such as "interest” or "claim”. In fact, the sentence referred to by plaintiff reads "The very purpose of the bill as now reported is to afford an opportunity to have an adjudication of liens asserted by the United States upon real estate to facilitate transfers” (emphasis added).
The plaintiff also relies on Senate Report No. 1708 (89th Cong, 2d Sess, 1966) published in conjunction with the Federal Tax Lien Act of 1966. The portion relied on by plaintiff is reported in US Code Cong & Admin News, 1966, vol 3, at p 3754). While we agree that this act did expand the United States’ waiver of sovereign immunity, it clearly did not change, amend or explain that part of section 2410 which restricts the waiver to property on which the United States has or claims a mortgage or other lien, even though court interpretations had clearly limited its application to security interest situations. This limitation was recognized in House Report No. 92-1559 (92d Cong, 2d Sess, 1972) in conjunction with Public Law 92-562 which created section 2409a of title 28 of the United States Code. The report states "Title 28, United States Code, section 2410, allows suits to be maintained when *813 the Government’s claim is in the nature of a security interest only.” (US Code, Cong & Admin News, 1972, vol 3, p 4551.)
We feel the use of the word "claim” in the predecessor statute and the word "interest” in subdivision ,(b) of section 2410 of title 28 of the United States Code, is inconsequential in light of the factors discussed above.
There is a clear, logical and reasonable distinction between security interests and ownership interests. A leasehold is an ownership interest and not a security interest. As such it does not provide a basis for suing the United States under section 2410 of title 28. Nothing in the opinions United States v Brosnan (363 US 237) or United States v Coson (286 F2d 453) suggests a different result.
The defendant’s motion to dismiss the complaint against the United States of America is hereby granted on the ground that this court has no jurisdiction over the subject matter. The fact that this result, required by the law, is viewed by the plaintiff as "ridiculous” and in opposition to "legal common sense and practical jurisprudence” cannot change the law or its operation. Plaintiff does have a remedy, impractical though it may be, under section 2409 of title 28 of the United States Code.
In view of the decision herein, it is unnecessary to decide defendant’s motion to vacate the prior order of this court in this matter.